MERITAS MILLS v. HERCULES CLOTHING CO.

(Circuit Court of Appeals, Sixth Circuit. July 8, 1926.)

No. 4600.

Sales ⬡➝68.

Contract for sale of cloth "50 inches wide finished, made from 51 inch, 88 by 48, 1.56 in the grey," requiring weight "not lighter than as above yds. to the pound," *held* to refer to weight of unfinished product.

In Error to the District Court of the United States for the Eastern Division of the Southern District of Ohio; Benson W. Hough, Judge.

Action by the Hercules Clothing Company against the Meritas Mills. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

Fred C. Rector, of Columbus, Ohio (Waters, Andress, Southworth, Wise & Maxon, of Akron, Ohio, and Wilson & Rector and Rich-

ard T. Rector, all of Columbus, Ohio, on the brief), for plaintiff in error.

Claude J. Bartlett, of Columbus, Ohio (James M. Butler, of Columbus, Ohio, on the brief), for defendant in error.

Before DENISON, DONAHUE, and MOORMAN, Circuit Judges.

MOORMAN, Circuit Judge. This case was tried before a jury, and a verdict directed for defendant in error in the sum of $3,495.-88. It involved the following contract:

"Sold for account Meritas Mills, 320 Broadway, N. Y. City, to Hercules Clothing Company, Zanesville, Ohio.

"Quantity—About one hundred thousand (100,000) yards four leaf twills, dyed the same color as your style 19; width, 50 inches wide, finished, made from a 51 inch, 88 by 48, 1.56 in the grey.

"Length of piece—Double cuts as far as practicable.

"Count—As above picks to the inch.

"Width—As above inches.

"Weight—Not lighter than as above yds. to the pound.

"Quality—First.

"Price—Dyed price, 28 cents per yard.

"Terms—Net 10 days, f. o. b. mill, South.

"Delivery—About one-third each August, September, and October.

"Shipping directions—Ship first sample roll by express to Hercules Clothing Company, Zanesville, Ohio. Shipping instructions for balance later.

"If the production of the Meritas Mills shall be curtailed during the above-named time by strikes, lockouts, or any other unavoidable casualty, the deliveries shall be made proportionate to the production."[1]

The cloth was furnished to and accepted by defendant in error, but after receiving the last installment, and paying therefor, that company brought this action for damages for failure to furnish cloth of the agreed weight. The point of controversy concerns the phrase "Weight—Not lighter than as above yds. to the pound"; defendant in error contending that it refers to the weight of the finished product, and plaintiff in error that it refers to the cloth to be used in making the finished product, spoken of as "in the grey." No other condition of the contract is in dispute. The phrase "width, 50 inches wide, finished, made from a 51 inch, 88 by 48, 1.56 in the grey," means that the finished cloth of 50

inches in width should be made from 51 inch cloth in the grey, containing 88 strands one way and 48 the other to the inch, and weighing one pound to 1.56 yards. It is admitted that the finished cloth did not contain that number of strands, and that the specification "Count—As above picks to the inch" refers to the clause just quoted, and means the grey; but it is said that the specification in dispute, dealing with the weight, though it takes its meaning from the same clause, refers to the finished product.

We see no reason for distinguishing one from the other. In any event, the meaning of the disputed clause is to be found in its association with the other terms of the contract; indeed, it makes specific reference to the preceding provision, fixing the weight of the cloth from which the finished product should be made. Nothing is said as to the weight of the finished cloth. "Weight—Not lighter than as above yds. to the pound" evidently refers to the only other weight mentioned, weight in the grey, just as "Count—As above picks to the inch" admittedly refers to the number of threads to the inch in the grey. If it were necessary to look beyond the contract for this construction, it could be found in the impracticability, according to any rational view of the evidence, of manufacturing from cloth weighing one pound to 1.56 yards in the grey a finished product of first quality of as great weight. But resort to such evidence is not necessary, as the parties must be understood to have meant by weight "not lighter than as above" precisely what was said above; that is, the grey cloth should weigh one pound to 1.56 yards.

Reversed and remanded for a new trial.

---

[1] The reiterations in the contract are no doubt due to the use of a form whereon the words "quantity, length," etc., were printed.